**ELD-018**                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2454
_____

IN RE:  DAVID Q. WEBB,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. Nos. 1-22-cv-00461, 1-22-cv-00600, 1-22-cv-00670)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 25, 2022

Before:  CHAGARES, <u>Chief Judge</u>, SHWARTZ, and PORTER, <u>Circuit Judges</u>

(Opinion filed: August 26, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

David Webb, proceeding pro se, has filed a petition for a writ of mandamus asking

us to compel a District Judge to screen several complaints that he has filed in the United

States District Court for the District of Delaware.  For the reasons that follow, we will

deny the mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In April 2022, Webb filed a civil rights complaint claiming, among other things, a discriminatory denial of housing. He moved to proceed in forma pauperis ("IFP"). Webb's case was assigned to the Vacant Judgeship docket, which had been recently created in anticipation of an upcoming judicial vacancy. On April 18, 2022, District Judge Richard Andrews granted Webb's motion to proceed IFP. See D. Del. Civ. No. 1-22-cv-00461.

In May 2022, Webb filed two new complaints raising claims of discrimination. Both cases were assigned to the Vacant Judgeship docket. Webb filed motions to proceed IFP. Judge Andrews granted Webb's motion to proceed IFP in the first action on May 11, 2022, and Chief Judge Colm Connolly granted his motion in the second action on July 5, 2022. See D. Del. Civ. Nos. 1-22-cv-00600, 1-22-cv-00670.

Webb now seeks a writ of mandamus compelling a judge to screen his complaints pursuant to 28 U.S.C. § 1915(e)(2)(B). He asserts that there has been undue delay.[1] Webb has previously sought similar relief in connection with his April 2022 complaint. On June 16, 2022, we denied relief without prejudice to Webb's ability to seek relief again if his complaint was not addressed in the near future. See C.A. No. 22-1708.

---

[1] Because Webb was granted IFP status, his complaints are subject to the screening provision in § 1915(e)(2)(B). If the District Court decides that the complaints are frivolous or malicious, fail to state a claim, or seek monetary relief against an immune defendant, it shall dismiss them. 28 U.S.C. § 1915(e)(2)(B). A favorable decision under § 1915(e)(2)(B) would allow his complaints to be served on the defendants.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must establish that there are no other adequate means to attain the desired relief and that the right to the writ is clear and indisputable. Id. Mandamus relief may be afforded where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

The delay in Webb's cases is not tantamount to a failure to exercise jurisdiction. The District Court has taken action in all three cases and granted his motions to proceed IFP. Although Webb's complaints have yet to be screened, the delay is not undue. His cases have been pending for less than five months. See id. (holding greater delay did not rise to the level of a due process violation). And Webb filed an amended complaint in his latest action in July. Mandamus relief is not warranted on this basis.

Mandamus relief is also not warranted based on the assignment of Webb's cases to the Vacant Judgeship docket. The District Court has issued Standing Orders outlining the procedures for how cases assigned to this docket shall be handled.[2] These procedures

---

[2] Under the Standing Orders, the parties must together notify the District Court whether they agree to consent to the handling of the case by a Magistrate Judge. If the parties do not agree to consent to disposition by a Magistrate Judge, a Magistrate Judge will handle certain pretrial matters and the Court will endeavor to assign the case to a Visiting Article III Judge. The parties are directed to cooperate to move the case forward. See 3/9/22

apply after a complaint has been served; they do not address the screening of complaints in IFP cases. Nonetheless, given that the District Court has taken action in Webb's cases, we cannot conclude that his complaints will not be addressed. The District Court screened a complaint in another one of Webb's cases that was assigned to the Vacant Judgeship docket earlier this year. See D. Del. Civ No. 21-cv-01824, 5/24/2022 Memorandum Opinion.

Accordingly, we will deny the mandamus petition. The denial of relief is without prejudice to Webb's filing of another mandamus petition in the event his complaints remain unaddressed.

---

Standing Order No. 2022-VAC-1; 3/16/22 Standing Order No. 2022-3. Webb tried to comply with these orders by filing a consent form on his own in his April 2022 action.